IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 8:18-mj-63 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| SHANTAVIUS DAVONE JOHNSON | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION FOR PRETRIAL DETENTION ORDER**

On April 12, 2018, a criminal complaint issued against Shantavius Davone Johnson ("Defendant") charging two counts of possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). Because the Defendant poses a risk of flight and a danger to the community, and because no condition or combination of conditions will reasonably assure his appearance in court or assure the safety of the community, the government respectfully submits this memorandum in support of its motion that the Defendant be detained pending trial pursuant to 18 U.S.C. §§ 3142(e) and (f).

**I.      The Bail Reform Act of 1984**

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, a defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142(b) or (c)] will

reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

In meeting its burden on the issue of whether "any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any other person and the community," the government invokes the statutory presumptions created by 18 U.S.C. § 3142(e). Where the offense charged is one of the offenses enumerated in section 3142(f)(1), a rebuttable presumption is created by section 3142(e), that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that:

> (A)   defendant has been convicted of crime of violence[1], capital offense, drug offense, or any felony after committing two violent crimes/drug offenses or an offense under state law that would have been described in section 3142(f)(1) if federal jurisdiction had existed,
>
> (B)   such offense was committed while the person was on release pending trial for a federal, state or local offense,
>
> (C)   a period of not more than five years has elapsed since the date of conviction or release from imprisonment for offense(s) described in (A), whichever is later.

18 U.S.C. § 3141(e)(2).

## II.   Felon in Possession is one of the offenses enumerated in Section 3142(f)(1) and the Section 3142(e) presumption applies to the Defendant's case.

Under 18 U.S.C. § 3142(f)(1), a person may be detained pending trial when he is charged with "any felony that is not otherwise a crime of violence . . . that involves the possession or use

---

[1] 18 U.S.C. § 3156(a)(4) defines "crime of violence" as (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; or (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. This language is identical to the general federal definition of "crime of violence" contained in 18 U.S.C. § 16(b).

of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon." The Defendant is currently charged with violations of 18 U.S.C. § 922(g)(1), an offense that involves "possession or use of a firearm." 18 U.S.C. § 3142(f)(1)(E).

For the following reasons, the court should presume, until and unless rebutted by the Defendant, that no condition or combination of conditions release will reasonably assure the appearance of the Defendant as required and the safety of the community.

    A.    The Defendant's relevant prior criminal convictions are as follows:

12/11/2012    Discharging Firearm into a Building
YOA 1- 6 years; suspended 5 months time served and 5 years probation; 2014 probation violation;

05/19/2014    Possession with Intent to Distribute Marijuana
4 years

5/19/2014    Possession of Cocaine, 1st Offense
4 years (concurrent)

    B.    Based on the following arrests, the Defendant was on release pending trial for a federal, state or local offense at the time of the February 7, 2018 violation alleged in the complaint.

Arrest date: 4/26/2017
Charge: Possession with Intent to Distribute Controlled Substance, 2nd offense
Released to ($20,000 secured) Bail:  4/27/2017 *(Exhibit A_Bail Form)*

Arrest date: 12/15/2017
Charge: Possession Controlled Substance, 2nd offense; Driving Under Suspension, 3rd offense
Released to ($7,000 secured) Bail:  12/15/2017 *(Exhibit A, p.2_Bail Form)*

    C.    The alleged violations occurred within five years of the Defendant's release from imprisonment for his 2012 and 2014 convictions.

## III.    The Section 3142(g) Factors Also Weigh in Favor of Detention

In determining whether a defendant has overcome the statutory presumption of 18 U.S.C. § 3142(e), the judicial officer is compelled to consider the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

For the reasons set forth below, there are substantial grounds under 18 U.S.C. § 3142(g) for the court to find, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community if he is released from custody pending trial.

A. <u>The Nature and Circumstances of the Charged Conduct Demonstrate a Danger to the Community</u>.

The first factor listed in 18 U.S.C. § 3142(g) requires consideration of the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device." See 18 U.S.C. § 3142(g)(1). Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. The court has a substantial interest in protecting the public from the danger posed by convicted felons who possess firearms and ammunition. *See, e.g.*, *Vartelas v.*

4

*Holder*, 132 S.Ct. 1479, 1489 (2012) ("Longstanding prohibitions on the possession of firearms by felons, however, target a present danger, i.e., the danger posed by felons who bear arms.") (citing, *inter alia*, the Omnibus Crime Control and Safe Streets Act of 1968, § 1201, 82 Stat. 236). The Defendant poses a danger to the community based on his status as a felon in possession of a firearm. Further, while the Defendant is not currently charged with drug trafficking, the government is prepared to offer evidence of the Defendant's possession with intent to distribute and distribution of marijuana and other controlled substances, including synthetic opioids, and his possession of firearms in furtherance of drug trafficking.

The "safety of the community" concern expressed in 18 U.S.C. § 3142 encompasses more than merely danger of harm involving physical violence.[2] *United States v. Millan,* 4 F.3d 1038, 1048 (2d Cir. 1993)(holding that "[t]he Bail Reform Act's concept of dangerousness covers the effect of a defendant's release on the safety of identifiable individuals, such as a victim or witness, as well as 'the danger that the defendant might engage in criminal activity to the detriment of the community.'") The high risk that a defendant will commit additional crimes, drug crimes or otherwise, is sufficient to detain him.

As outlined above, at the time of the February 7, 2018 offense, the Defendant had been released on a secured bond. The likelihood that the defendants will continue to possess firearms and/or distribute drugs if released presents a significant danger to the community. *See United States v. Ruben*, 974 F.2d 580, 586 (5th Cir. 1992); *United States v. Fulgham*, Case No. CR 12–

---

[2] The legislative history of §3142 supports this interpretation. *See* S.Rep. No. 225, 98th Cong., 1st Sess. 12 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3195) ("The reference to safety of any other person is intended to cover the situation in which the safety of a particular identifiable individual, perhaps a victim or witness, is of concern, while the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence.").

0124 CW (KAW), 2012 WL 2792439, at *4 (N.D. Cal. July 9, 2012) ("The Senate Report states: 'The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.' Defendant's tendency to repeatedly commit similar crimes shows that he poses an unmitigable danger to the community.") (quoting S. REP. No. 225, 98th Cong., 1st Sess. 23, note 7 at 13).

      B.      <u>Weight of the Evidence</u>

The strength of the evidence against the Defendant demonstrates the likelihood that he will be convicted as charged and weighs in favor of detention.

      C.      <u>History and Characteristics of the Defendant</u>

The Defendant is unemployed.  The Defendant has a significant criminal history and since 2012, has proven himself to be unsuitable for pretrial release and probation.  In addition to his flagrant violations of the law while on pretrial release for his state charges, the Defendant appears to glorify gun possession, drug usage/distribution and gang activity.  *(Exhibit B_ Facebook Photographs)* The photographs, found on the Defendant's Facebook page – "Chuckie Luciano", show the Defendant in possession of a firearm, in the company of individuals displaying what appear to be gang signs, using drugs and displaying cash.  Such behavior does not indicate a willingness to abide by the law nor court ordered bail conditions.

**IV.    CONCLUSION**

In the end, any conditions that this court may consider imposing would require the court to trust and rely upon the Defendant's agreement not to violate his conditions of release.  A mere agreement by the Defendant to abide by the court's order is insufficient to weigh this factor in favor of release.  If the Defendant's current and recent past behavior is any indication, a secured bond is not sufficient to protect the public from the danger posed by the Defendant.  Based upon

the foregoing, nothing short of incarceration can ensure the safety of the community and the appearance of the defendants as required. Accordingly, the government requests the court order the Defendant detained pending trial.

        Respectfully submitted,

        BETH DRAKE
        UNITED STATES ATTORNEY

BY:   s/*Leesa Washington*
        Leesa Washington (I.D. No. 6973)
        Assistant United States Attorney
        55 Beattie Place, Suite 700
        Greenville, SC 29601
        (864) 282-2100
        Leesa.washington@usdoj.gov

April 24, 2018